**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 11-20706

QUENTIN SHERER,

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT"**

Before the court is Defendant Quentin Sherer's motion to dismiss his indictment under the Speedy Trial Act. The Government has filed a response, and the court determines a hearing is not necessary. *See* E.D. Mich. LCrR 12.1(a); E.D. Mich. LR 7.1(f)(2). Because no violation of the Speedy Trial Act has occurred in this case, the court will deny Defendant's motion.

**I. BACKGROUND**

On November 7, 2011, Defendant was arrested on a criminal complaint and made his initial appearance before a magistrate judge of this court. An indictment was filed on November 10, 2011, charging Defendant with bank robbery, in violation of 18 U.S.C. § 2113(a), and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). At that point, the court entered a scheduling order setting a trial date of January 9, 2012.

The court held a final pretrial conference, as scheduled, on December 22, 2011. During the conference, the Government made an oral motion to continue the trial date,

as well as two additional oral motions: a motion to compel a DNA sample from Defendant and a motion in limine to admit evidence under Federal Rule of Evidence 404(b) against Defendant. The court granted the motion for a continuance on the record, determining that "the speedy trial clock is tolled in the meanwhile":

> I think there's an appropriate basis under the Speedy Trial Act to find that [a continuance is] in the interest of justice, continuity of counsel and the need for additional biological testing, which, by the way, [is] conceivably in the interest of the defendant, . . . [because it] could exclude him depending upon the results . . . .

(Status Conf. & Mot. Hr'g Tr. 28-29, Dec. 22, 2011, Dkt. # 21.) The court confirmed this ruling in an order rescheduling Defendant's trial for March 5, 2012.

Notwithstanding, Defendant filed the instant motion to dismiss on January 6, 2012, arguing that the adjournment did not qualify as an excludable delay under the Speedy Trial Act. Since Defendant filed this motion, he requested and, on February 10, 2012, the court granted substitute counsel. As a result, the court adjourned Defendant's March 5, 2012, trial date and imposed a further ends-of-justice continuance. On March 1, 2012, the court held a telephone conference with counsel for the Government and Defendant's new attorney, during which both parties indicated that they need additional time to obtain and analyze DNA evidence from Defendant before a new trial date may be set.

## II. STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, provides that:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

2

>  before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act also specifies a number of "periods of delay [that] shall be excluded . . . in computing the time within which the trial of any such offense must commence." *Id.* § 3161(h). These include "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D). Additionally, a judge may grant a continuance of a defendant's trial that will toll the speedy trial deadline, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

### III.  DISCUSSION

In accordance with the court's ruling on the record at the December 22, 2012, hearing and in its subsequent order, the continuance of Defendant's original trial date of January 9, 2012, constitutes excludable delay under the Speedy Trial Act. Although Defendant did not consent to this continuance, the court "set[] forth . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*; *see United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2003) ("By its terms, § 3161(h)([7])(A) does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." (internal

3

quotation marks omitted)). Namely, the benefits of continuity of counsel and of completing biological testing made tolling of the speedy trial period appropriate. Furthermore, the Government's oral motions for DNA testing and the admission of Rule 404(b) evidence during the December 22, 2011, hearing automatically initiated a period of excludable delay. *See United States v. Tinklenberg*, 131 S. Ct. 2007, 2011-16 (2011). As the court noted during the March 1, 2012, telephone conference, the speedy trial clock is not currently running in this case, given the pendency of pretrial motions and the appointment of new counsel for Defendant on February 13, 2012.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion to Dismiss for Violation of Speedy Trial Act" [Dkt. # 16] is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-20706.SHERER.DismissSpeedyTrial.set.wpd