**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                                                                          Case No. 11-20706-D-1

QUENTIN SHERER,

    Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL PREPARATION
FOR THE SENTENCING HEARING**

    A jury convicted Quentin Sherer of robbing a bank and of using a firearm in a crime of violence. 18 U.S.C. §§ 924(c)(1)(C)(i), 2113(a). He will receive a sentence on May 20, 2013. In advance of the sentencing hearing, the United States moves for an upward departure from Sherer's established sentencing-guidelines range on the ground that Sherer is a *de facto* career offender. Sherer responds and opposes an upward departure but never challenges the district court's authority to sentence him in accord with a career-offender guidelines range. Sherer can, indeed, be sentenced like a career offender. With some room left for persuasion, the court thinks that he likely should be. The parties should prepare for sentencing with these findings in mind.

    The sentencing guidelines assign a penalty "at or near the [statutory] maximum" to each "career offender," that is, each person who displays a pattern of felonies involving violence or the distribution of drugs. *See* 28 U.S.C. § 994(h). Someone reading the definition of "career offender" in § 4B1.1 of the guidelines would assume

that Sherer qualifies.  He was over eighteen years old when he committed his present offense; that offense led to his conviction for a felony crime of violence; and that conviction is his third conviction for a violent felony.  Those three attributes—a sufficient age, a present violent felony, and at least two previous violent felonies—make one a career offender under § 4B1.1.

That is not the end, however.  Section 4A1.2(a)(2) says that, when counting a defendant's sentences, the sentencing judge should count sentences issued on the same day together.  And § 4B1.2(c) directs the sentencing judge to use § 4A1.2(a)(2)'s method for counting sentences to count convictions.  Convictions received on the same day therefore count together, as though they constituted only one conviction, under the career-offender rule.  Sherer received at once a sentence for each of his two previous violent felonies, which therefore contribute only one conviction toward his career-offender status.  Although he has tried to make a career of robbing banks, Sherer is not in law a career offender.

But that is still not the end.  Section 4A1.3(a)(1) allows the sentencing judge, using "reliable information," to adjust a sentence, departing upward from the guidelines range, to ensure that the sentence adequately reflects the defendant's criminal history or the likelihood that he will commit another crime.  Further, if a defendant would qualify as a career offender but for some insubstantial point—the accounting twist in § 4A1.2(a)(2), for example—the sentencing judge may use § 4A1.3(a)(1) to depart directly to a career-offender guidelines range.  See United States v. Hardy, 643 F.3d 143, 158 (6th Cir. 2011) (affirming the district court, which established a guidelines range of 248-to-295 months but under § 4A1.3, based on defendant's record, departed

to a range of 420 months-to-life, the range that would have applied had defendant qualified as a career offender)

In short, the court may sentence *like* a career offender a defendant who cannot be sentenced *as* a career offender.

A pertinent operation of § 4A1.3(a)(1) appears in *United States v. Lawrence*, 349 F.3d 724 (4th Cir. 2003) (Wilkinson, J.). Lawrence had received at the same time two sentences for robbing two banks in an hour. After he left prison and robbed a third bank, he was sentenced like a career offender. The Fourth Circuit affirmed the sentence, stating, "If the second robbery conviction had not been treated [by § 4A1.2] as a related prior sentence, it would have served as the second predicate offense of a felony crime of violence to establish Lawrence's *de jure* career offender status." 349 F.3d at 729. "Nothing in the Sentencing Guidelines," the court said, "prohibits the district court from considering the second factually distinct but related conviction as a reason for upward departure under . . . § 4A1.3." 349 F.3d at 730. Like Lawrence, Sherer happened to receive two sentences for two discrete robberies at one hearing. And, like Lawrence, Sherer should not gain from the contingent circumstances of his sentencing. Sherer was imprisoned from early 2000 until November 2008 for the earlier two robberies, yet he robbed a bank at gunpoint in July 2009, only eight months after his release. Almost nine years of incarceration had not deterred him. There is accordingly no reason to expect that a long imprisonment will deter him now. He displays the elements of danger and resolve that define, in a practical sense, the term "career criminal," and he is therefore a fit subject for a career-offender guidelines range.

A sentence within a career-offender guidelines range appears justified not only as an upward departure, but also as an upward variance under 18 U.S.C. § 3553(a). *See Hardy*, 643 F.3d at 158-59 (affirming the district court, which said it would have chosen the same sentence, even without a departure, by varying upward based on the "background and history" of the defendant and the "nature of the offense").

Sherer conducted an especially menacing robbery. He verbally threatened; he physically pointed a gun directly at a bank teller's head; he used accomplices; he fled in a stolen car. Moreover, the brevity between Sherer's release from prison and his new offense establishes that he will not respond to deterrence. He needs to be incapacitated for an impressive length of time. Other sentencing goals and concerns are, in this instance, secondary. Accordingly,

IT IS ORDERED that the parties shall appear at the sentencing hearing prepared to argue under the assumption that Sherer will be sentenced in accord with a career-offender guidelines range. More specifically:

1. Each party should be prepared to identify a proper sentence within the applicable career-offender guidelines range.

2. Each party should be prepared to identify which career-offender guidelines range, § 4B1.1(b) or § 4B1.1(c), applies to Sherer and to provide a reasoned explanation why the identified range is (if Sherer is treated like a career offender) the correct range. A reasoned explanation will include discussion of § 2K2.4(c).

    3. Each party should be prepared to address whether §§ 4B1.1(b) and 4B1.1(c), when applied to Sherer, produce the same sentencing range.

                                     s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: May 14, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2013, by electronic and/or ordinary mail.

                                       s/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522