**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUENTIN A. SHERER,

    Defendant.
                                                             /

Criminal Case No. 11-20706
Civil Case No. 15-13727

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, MOTION FOR DISCOVERY, MOTION FOR EVIDENTIARY HEARING, AND MOTION TO AMEND AND DENYING CERTIFICATE OF APPEALABILITY**

In 2012, Defendant was found guilty by a jury of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a)(2) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was sentenced to 540 months incarceration. (Dkt. #82.) Pending before the court is Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. #131), motion for discovery (Dkt. #151), motion for an evidentiary hearing and appointment of counsel (Dkt. #152), and motion to amend his § 2255 motion. (Dkt. #155.) Defendant grounds his habeas motion on the alleged inadequacy of his legal representation at both the trial and appellate levels. For the reasons set forth below, the court will deny all of Defendant's motions.

## I. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief. *Frady*, 456 U.S. at 166. Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687.

2

Courts must afford defense attorneys "wide latitude" in making tactical decisions and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Defense counsel is entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690).

If Defendant succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693–94. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

## II. DISCUSSION

### A. Motion to Vacate

Defendant raises 12 claims in his motion to vacate, each of which relates to the alleged ineffectiveness of his legal representation, primarily that of his trial counsel, Michael McCarthy. The court will address each claim in turn.

*1. Failure to Renew Motion to Dismiss*

Defendant first argues that his trial counsel erred by failing to renew his motion to dismiss based on violations of the Speedy Trial Act. (Dkt. #147, PageID 1910.) The court denied Defendant's motion to dismiss (Dkt. #16) after finding that the ends of justice served continuance, specifically the need to analyze and collect potentially

3

exonerating DNA evidence and allow sufficient trial preparation time for Defendant's new counsel. (Dkt. #34, PageID 242–43.) On appeal, the Sixth Circuit rejected Defendant's Speedy Trial argument because Defendant filed his motion to dismiss prior to the expiration of his Speedy Trial date. (Dkt. #118.)

The Speedy Trial Act requires a defendant's trial commence within 70 days after indictment. 18 U.S.C. § 3161. There are, however, various exceptions which toll this 70-day clock. By the court's calculation, Defendant's Speedy Trial clock began to run on the date of his indictment, November 10, 2011. (Dkt. #9.) Subsequently, both Defendant and the Government filed various motions which tolled the clock. Defendant's Speedy Trial clock then reset on July 31, 2012, the day codefendant Martin Tucker was added by superseding indictment. (Dkt. #45.) The parties entered stipulated continuances tolling the Speedy Trial clock from July 31, 2012, to August 1, 2012, and again from August 23, 2012, until November 26, 2012. Tucker also filed two motions for revocation of detention (Dkt. #50, 56) which further tolled Defendant's clock. Defendant's trial ultimately commenced on December 3, 2012—well within 70 nonexcludable days following the superseding indictment. Accordingly, Defendant's counsel was not ineffective for failing to renew Defendant's motion to dismiss prior to trial because Defendant was tried within 70 nonexcludable days of the superseding indictment. *See United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.").

## 2. Failure to Adequately Challenge DNA Evidence

Defendant next argues that his counsel erred in failing to retain an expert witness to analyze the DNA evidence involved in the case. (Dkt. #131, PageID 1772.) This argument fails to satisfy either prong of *Strickland*.

Defendant alleges that expert testimony was needed to persuade the jurors that "the DNA discovered on some discarded clothing could not be attributed to a single person." (Dkt. #131, PageID 1772.) However, the Government's expert witness, Jeanette Wentworth, stated this at trial—she testified that DNA from other individuals was found on the evidence tested and that Defendant was the primary contributor of the DNA. (Dkt. #85, PageID 965–71.) Seemingly, Defendant would have an expert repeat testimony already offered by the Government's witness. The repetitive nature of a possible defense expert seems especially likely because Defendant does not appear to challenge the procedures used by the Government's expert to test the evidence nor the fact that his DNA was discovered on the evidence tested. Because a defense witness would offer nothing more than a summation of testimony given by the Government's expert, counsel's decision not to call a defense expert was reasonable.

The record demonstrates that Defense counsel sufficiently challenged the DNA evidence by addressing Ms. Wentworth's inability to determine when the evidence was discarded and when Defendant's DNA was placed on the evidence. (Trial Transcript Dkt. #85, PageID 811; Dkt. #87, PageID 1330.) This strategy for challenging the DNA evidence without calling a rebuttal expert is well within the discretion afforded to defense counsel. *See Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004)

(citation omitted) ("Decisions as to what evidence to present and whether to call or question witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense."). Attorney McCarthy's targeted questioning of the Government's expert witness sufficiently challenged the DNA evidence against Defendant. Counsel need not call a rebuttal expert to satisfy his constitutional requirements for representation.

Not only was counsel's performance adequate, but Defendant cannot establish prejudice. Any potential prejudice suffered is speculative and predicated on a series of cascading assumptions: that Defendant could find a favorable expert, that this expert would disagree with the methods used and conclusions reached by the Government's witness, and that the expert's testimony would sufficiently outweigh the other incriminating evidence against Defendant. The weight of a potential expert's testimony seems particularly speculative given the amount of incriminating, non-DNA evidence against Defendant. As explained by the Sixth Circuit in its rejection of Defendant's sufficiency argument on appeal, the physical similarities between Defendant and the robber in gray, the known association between the codefendants, and the proximity between Defendant's home and home of the owner of the stolen getaway vehicle all support Defendant's guilt. (Dkt. #118, PageID 1675.) Defendant's purported prejudice is too speculative to satisfy the second prong of *Strickland*.

### 3. *Ineffective Representation During Plea Bargaining*

Defendant contends that his trial and appellate counsel erred by failing to request reassignment of his case to a different judge after, Defendant alleges, this court impermissibly participated in plea negotiations during a status conference held on October 23, 2012. (Dkt. #131, PageID 1775–76.) Defendant argues that he was prejudiced by counsel's failure to seek reassignment because Defendant's failure to accept a plea caused this court to become biased against him at sentencing. The record does not support Defendant's claims.

The transcript of the conference held on October 23, 2012, demonstrates that the court did not participate in plea negotiations but rather discussed the terms of the agreement—which Defendant had rejected—on the record. Such discussion is a long-standing practice of this court for purposes of appeal to ensure that a defendant fully understands the terms of a plea. The discussion of the terms of a rejected agreement in open court does not violate Rule 11. *See United States v. Markin*, 263 F.3d 491, 496 (6th Cir. 2001) (citing Fed. R. Crim. P. 11(e)(1) advisory committee's note to 1974 amendment). Because no violation occurred, counsel was not defective for failing to lodge an objection. Nor was counsel deficient for failing to request transfer based on Defendant's generalized allegations of bias by the court. *See Williams v. Campbell*, No. 15-CV-12914, 2016 WL 369689, at *2 (E.D. Mich. Feb. 1, 2016) (Edmunds, J.) (internal quotations omitted) ("A habeas petitioner's unsupported accusations and unfounded surmise of bias on the part of a federal judge presiding over his or her habeas petition

7

are insufficient to establish grounds for disqualification of that judge from presiding over the case.").

4. *Errors Related to Firearm Expert Testimony*

Defendant raises several arguments related to the testimony of the Government's firearm expert witness, FBI Agent George Nikolopoulos, in his fourth claim. Defendant argues that counsel erred in failing to challenge the credentials of Agent Nikolopoulos (Dkt. #131, PageID 1778), failing to cross-examine Agent Nikolopoulos (*Id.* at 1779), and failing to introduce at a report by the FBI's Firearms and Tool Mark Unit. (*Id.*)[1] As explained below, none of these claims raise an issue of deficient attorney performance.

Defendant contends that Agent Nikolopoulos was not properly qualified to testify because he was not an expert in video analysis. This argument is not relevant. Agent Nikolopoulos—a 24-year FBI veteran and certified firearms instructor—was called to testify about the physical characteristics of the firearms used by the robbery suspects. He reviewed surveillance footage and testified about the physical characteristics of the weapons the suspects used. Agent Nikolopoulos need not be qualified as an expert in video analysis to review surveillance video and state his observations. Nevertheless, the potential limitations of Agent Nikolopoulos's ability to positively identify a firearm based on surveillance footage alone was a topic explored in-depth during cross-examination by Attorney Haytham Faraj, counsel for codefendant Tucker, (Dkt. #86,

---

[1] In his reply, Defendant also asserts that counsel erred in failing to pursue the "fake gun" defense. (Dkt. #153, PageID 1988–87.) This assertion is plainly contradicted by the record. (Dkt. #84, PageID 811–12; Dkt. #87, PageID 1337–39.)

PageID 1052) and in Attorney McCarthy's closing statement. (Dkt. #87, PageID 1338–39.)

Attorney McCarthy's failure to cross-examine Agent Nikolopoulos does not constitute ineffective assistance. The record shows that Attorney Faraj questioned Agent Nikolopoulos extensively. Defendant does not put forth any additional line of questioning that should have been explored during the cross examination that Attorney Faraj failed to address. Thus, Attorney McCarthy's decision to forgo additional cross-examination of Agent Nikolopoulos was a reasonable strategy to avoid soliciting repetitious testimony.

Defendant makes two arguments for ineffective assistance of counsel related to a report prepared by the FBI Firearms Tool Mark Unit. First, he argues that counsel was inadequate because counsel was seemingly unaware of this report, which was referenced during Attorney Faraj's cross-examination of Agent Nikolopoulos (Dkt. #153, PageID 1995). In this situation, an attorney's unfamiliarity with a single piece of evidence does not rise to the level of ineffective assistance because the Constitution entitles Defendant to a fair trial, not to error-free representation. *See Hodges v. Colson*, 727 F.3d 517, 545 (6th Cir. 2013). Second, Defendant argues that counsel's failure to introduce the report into evidence constituted ineffective assistance because of the report's exculpatory nature. (Dkt. #131, PageID 1781; Dkt. #153, PageID 1991.) Contrary to Defendant's assertions, the report was not plainly exculpatory. The report stated that the investigation of the firearms was inconclusive. (Dkt. #86, PageID 1050). The decision not to introduce inconclusive evidence is not patently unreasonable nor

9

prejudicial to Defendant. *See Lagrou v. Jones*, No. 04-CV-74271-DT, 2006 U.S. Dist. LEXIS 34119, at *15 (E.D. Mich. May 25, 2006) (citing *Hernandez v. Smith*, 100 Fed. App'x. 615, 617 (9th Cir. 2004)) ("Trial counsel's decision not to introduce expert testimony regarding the inconclusive nature of this evidence does not amount to ineffective assistance of counsel."). Regardless of counsel's familiarity with the report, the failure to introduce inconclusive evidence is not ineffective assistance. Accordingly, Defendant is not entitled to relief on this fourth claim.

### 5. Failure to File Motion to Suppress

Defendant next argues that counsel erred by failing to file a motion to suppress the evidence found near the getaway vehicle. (Dkt. #131, PageID 1783.) The items recovered near the vehicle matched the clothing worn by the robbery suspects and also contained red dye stains consistent with the chemicals used in the bank dye packs given to the robbers. (Dkt. #86, PageID 1100, 1193.) Such evidence is clearly relevant, and counsel did not err by declining to file a frivolous motion.

### 6. Failure to Investigate Alibi Witness

Defendant's sixth claim relates to counsel's failure to investigate an alleged alibi witness. (Dkt. #131, PageID 1786.) He asserts that counsel should have hired a private investigator to contact a landlord with whom Defendant claims he was negotiating a lease during the time of the robbery. The government seriously questions the validity of Defendant's alibi claim. (Dkt. #147, PageID 1931.) The court need not resolve the factual issues of whether counsel investigated Defendant's alibi defense and whether any failure to investigate Defendant's alibi constituted deficient performance because

10

Defendant cannot establish prejudice in either case. Given the amount of incriminating evidence against Defendant, particularly DNA evidence, any prejudice suffered by Defendant based on counsel's failure to introduce alibi evidence is too speculative to justify habeas relief.

*7. Failure to File Motion to Sever*

Next, Defendant argues that counsel erred in failing file a motion to sever his trial from that of his codefendant. Ordinarily, defendants indicted together are tried together. *United States v. Gardiner*, 463 F.3d 445, 472 (6th Cir. 2006). Severance for codefendants is granted only under limited circumstances. "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). Here, Defendant's alleged prejudice is too speculative to justify severance. Defendant argues that he suffered prejudice from codefendant Tucker's testimony that Tucker was denied bail. (Dkt. #131, PageID 1789.) Defendant asserts that this testimony caused the jury to presume that Defendant was also denied bail and that such denial indicated Defendant's guilt. This argument presupposes several inferences that the just must have drawn from a single statement and would also require the jury to ignore the court's instructions regarding what to consider in determining Defendant's guilt. Defendant's claimed prejudice is insufficient to overcome the presumption that codefendants be tried together. Accordingly, counsel acted reasonably in declining to file a motion to sever.

11

### 8. Failure to Challenge Jury Pool

Defendant argues that counsel erred in failing to challenge "the exclusion of Blacks from the jury pool." (Dkt. #131, PageID 1790.) Although not entirely clear, this claim appears to challenge the Eastern District of Michigan's jury selection plan rather than the Government's use of preemptory strikes. To the extent Defendant attempts to challenge the jury selection procedures of the Eastern District of Michigan, "the Eastern District's juror selection plan has repeatedly been held to pass constitutional muster." *United States v. Montgomery*, No. 04-20046-6, 2012 WL 32673, at *2 (E.D. Mich. Jan. 6, 2012) (collecting cases). And to the extent Defendant attempts to challenge the Government's use of preemptory strikes, such an argument is not intelligible from the limited factual narrative of this claim.

### 9. Failure to File Motion for Judgment of Acquittal

Next, Defendant argues that counsel erred in failing to file a motion for acquittal. (Dkt. #131, PageID 1791.) Rule 29 motions are viewed in the light most favorable to the government. *United States v. Head*, 927 F.2d 1361, 1365 (6th Cir. 1991). Here, there was ample evidence presented to the jury to support Defendant's guilt, in fact, the Sixth Circuit rejected Defendant's sufficiency argument on appeal. Failing to make a meritless motion for acquittal is not ineffective assistance of counsel. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004). Therefore, Defendant's ninth claim fails to satisfy the first prong of *Strickland*.

*10. Cumulative Errors*

Here, Defendant repeats the errors he alleges in claims one through ten and argues that the cumulative effect of these errors amounts to the deprivation of constitutionally adequate counsel. (Dkt. #131, PageID 1794–95.) This argument is without merit because the court has rejected Defendant's preceding claims. Moreover, the Sixth Circuit does not recognize the cumulative error theory of ineffective assistance of counsel. *See Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005).

*11. Failure to Challenge Prior Conviction*

Defendant argues that counsel erred in failing to investigate the validity of his prior conviction under 18 U.S.C. § 924. (Dkt. #131, PageID 1795.) This argument lacks merit for several reasons. First, Attorney McCarthy did not represent Defendant in his previous case and had no obligation to challenge charges for which he did not represent Defendant. Second, Defendant pleaded guilty to this prior conviction, so counsel would have little reason question the validity of the conviction. Finally, Defendant's attempt to collaterally attack this conviction occurred nearly two years after Defendant was sentenced in the instant case, and his collateral attack was ultimately denied. *Sherer v. United States*, No. 02-00725 (N.D. Ohio Dec. 28, 2015). Thus, counsel would have no reason to know the grounds for Defendant's collateral challenge to his earlier sentence.

*12. Failure to Argue Substantive Unreasonableness of Sentence*

In his final claim, Defendant contends that appellate counsel was ineffective in failing to argue the unreasonableness[2] of his 25-year sentence. (Dkt. #131, PageID 1796.). This argument is without merit because appellate counsel raised the issue of substantive reasonableness on appeal and it was rejected by the Sixth Circuit. *See United States v. Sherer*, 770 F.3d 407, 412 (6th Cir. 2014).

### A. Motion for Discovery

Also before the court is Defendant's Motion for Discovery (Dkt. #151) in which he requests the report prepared by the FBI Firearms and Tool Marks Unit and leave to depose three alibi witnesses. "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The court has the discretion to grant discovery for good cause in habeas proceedings. Rule 6 Governing Section 2255 Proceedings. Here, the court determines that no good cause exists because the court has rejected Defendant's habeas claims related to the requested FBI report and the possible alibi defense. Accordingly, the court will deny Defendant's discovery motion.

### B. Motion for Evidentiary Hearing and Appointment of Counsel

Defendant also requests an evidentiary hearing and appointment of counsel to assist in preparing his habeas motion. The court will deny both requests because the

---

[2] Although the headnote for this argument mentions procedural unreasonableness, Defendant offers no explanation of this point. Accordingly, he fails to state a cognizable claim for procedural unreasonableness. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir. 2001) (construing as waived an argument raised but not explained).

14

"records of the case conclusively show that he is not entitled to relief." *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

### C. Motion to Amend § 2255

Finally, Defendant moves for leave to amend his § 2255 motion to add a claim for ineffective assistance of counsel based on his counsel's failure to argue the impact of the Supreme Court's decision *Johnson v. United States*, 135 S. Ct. 2551 (2015) on his sentencing. (Dkt. #155, PageID 2046.) This motion is without merit and will be denied. Defendant was sentenced roughly two years prior to the Court's ruling in *Johnson*, and counsel cannot be ineffective for failing to raise arguments that did not exist. *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("[A] failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel."). Nonetheless, Defendant's armed robbery convictions qualify as crimes of violence under the force clause of the Armed Career Criminal Act and are not impacted by *Johnson*. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the court's ruling regarding Defendant's habeas claims. Therefore, the court will deny a certificate of appealability.

### IV. CONCLUSION

Defendant is not entitled to relief on any of the ineffective assistance of counsel claims he raises in his § 2255 motion and motion to amend. Because he is not entitled to relief on these claims, he is also not entitled to additional discovery, an evidentiary hearing, or appointment of counsel. Accordingly,

IT IS ORDERED that Defendant's motion to vacate (Dkt. #131), motion for discovery (Dkt. #151), motion for an evidentiary hearing and appointment of counsel (Dkt. #152), and motion to amend (Dkt. #155) are DENIED and a Certificate of Appealability is DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2019, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\HEB\Habeas\11-20706.SHERER.2255.HEB.docx