**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 11-20706

QUENTIN SHERER,

    Defendant.
_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S PETITION FOR BRADY VIOLATION AS SUCCESSIVE MOTION TO VACATE SENTENCE AND TRANSFERRING THE MOTION TO THE SIXTH CIRCUIT**

After a four-day jury trial, Defendant Quentin Sherer was found guilty of aiding and abetting bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. (ECF No. 82, PageID.610.) On May 21, 2013, the court sentenced him to 540 months imprisonment. (*Id.*, PageID.611.) Defendant appealed, and the Sixth Circuit affirmed his conviction and sentence. (ECF No. 118.)

On October 19, 2015, Defendant filed a motion to vacate under 28 U.S.C. § 2255. (ECF No. 131.) The court denied the motion. (ECF No. 173.) Defendant appealed, and the Sixth Circuit denied an application for a certificate of appealability. (ECF No. 185.)

On May 7, 2020, Defendant filed a "Petition for Brady Violation." (ECF No. 193.) He alleges that the government violated his constitutional rights by failing to disclose exculpatory evidence. Specifically, Defendant asserts that the Federal Bureau of Investigation drafted a report which found that the agency was unable to determine

through "enhanced photos of [Defendant's] robbery" whether guns used in the robbery were real or plastic look-alikes. (*Id.*, PageID.2240.) According to Defendant, he was unable to use the report for his defense at trial.

In *Brady v. Maryland*, 373 U.S. 83, 89 (1963), the Supreme Court established that the government must "provide defendants with evidence it possesses that is exculpatory and material to the defense." *United States v. Tavera*, 719 F.3d 705, 710 (6th Cir. 2013). "[T]here is a Brady violation, and a new trial is warranted, if three conditions are met: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Id.* (emphasis removed) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

The court construes Defendant's petition as a successive § 2255 motion to vacate sentence. *Brady* claims are cognizable in motions brought under § 2255, e.g., *Jefferson v. United States*, 730 F.3d 537, 549-54 (6th Cir. 2013) (reviewing the merits of a *Brady* challenge advanced in a § 2255 motion), and neither the government nor Defendant cite a legal basis by which the court may review the instant motion. Defendant titles the motion a "Petition," and he cites to the civil case number of his first § 2255 motion. (ECF No. 193, PageID.2238 (citing Case No. 15-13727).) In his reply brief, Defendant describes the relief he seeks. He states that the court must vacate his 2013 sentence and order "a new trial." (ECF No. 200, PageID.2266.) Consequently, Defendant's motion is properly classified as a § 2255 motion.

Title 28 U.S.C. § 2255(h) states that all "second or successive motion[s] [to vacate sentence] must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals." "[W]hen a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Court of Appeals], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Defendant filed a § 2255 motion to vacate in 2015, (ECF No. 131), which the court denied. (ECF No. 173.) In the instant motion, Defendant does not state that the Sixth Circuit provided him certification to file another motion to vacate under § 2255. The instant § 2255 motion is successive and must be transferred to the Sixth Circuit. *In re Sims*, 111 F.3d at 47. Accordingly,

IT IS ORDERED that Defendant's "Petition for Brady Violation" (ECF No. 193) is CONSTRUED as a successive § 2255 motion and TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

    s/Robert H. Cleland    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2021, by electronic and/or ordinary mail.

    s/Lisa Wagner    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20706.SHERER.PetitionforBradyViolation.RMK.docx