**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Case No. 11-20706

QUENTIN SHERER,

    Defendant.

_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S**
**MOTION TO VACATE SENTENCE TO THE SIXTH CIRCUIT**

After a four-day jury trial, Defendant Quentin Sherer was found guilty of aiding and abetting bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. (ECF No. 82, PageID.610.) On May 21, 2013, the court sentenced him to 540 months imprisonment. (*Id.*, PageID.611.) Defendant appealed, and the Sixth Circuit affirmed his conviction and sentence. (ECF No. 118.)

On October 19, 2015, Defendant filed a motion to vacate under 28 U.S.C. § 2255. (ECF No. 131.) The court denied the motion. (ECF No. 173.) Defendant appealed, and the Sixth Circuit denied an application for a certificate of appealability. (ECF No. 185.)

On May 7, 2020, Defendant filed a "Petition for Brady Violation." (ECF No. 193.) He alleged that the government violated his constitutional rights under *Brady v. Maryland*, 373 U.S. 83, 89 (1963), by failing to disclose exculpatory evidence. Specifically, Defendant asserted that the Federal Bureau of Investigation ("FBI") drafted a report which found that the agency was unable to determine through "enhanced

photos of [Defendant's] robbery" whether guns used in the robbery were real or plastic look-alikes. (*Id.*, PageID.2240.) According to Defendant, he was unable to use the report for his defense at trial. On May 7, 2021, the court construed Defendant's petition as a successive § 2255 motion to vacate sentence, and it transferred the petition to the Sixth Circuit. (ECF No. 201.)

On June 25, 2021, Defendant filed a "Motion to Vacate Sentence Under 28 U.S.C. § 2255." (ECF No. 203.) In the motion, Defendant makes the same *Brady* claim that he advanced in his May 7, 2020, petition. He argues that the FBI forensic report supports a finding of innocence. (*Id.*, PageID.2291-96.) In addition, he states that he only recently discovered the report through a Freedom of Information Act ("FOIA") request. (*Id.*)

Defendant's June 25 motion is a successive § 2255 motion to vacate sentence. A § 2255 motion is successive if "the events giving rise to the claim [had already] . . . occurred when the [defendant] filed his original [§ 2255 motion]." *In re Wogenstahl*, 902 F.3d 621, 627-28 (6th Cir. 2018) (holding that a *Brady* claim relying on newly discovered evidence was a successive habeas petition because "[the defendant's] claims were not unripe at the time he filed his initial petition because the purported *Brady* violations . . . had already occurred when he filed his petition, although [the defendant] was unaware of these facts"); *Clark v. Warden*, 934 F.3d 483, 494-97 (6th Cir. 2019) (reviewing a *Brady* claim alleging newly discovered evidence as a successive habeas petition).[1]

---

[1] The cases cited involve petitions for habeas corpus made by state prisoners under 28 U.S.C. § 2254. "[T]he same bar [on successive § 2255 motions for federal prisoners] applies to claims presented in a second or successive application for relief under § 2254." *Clark v. United States*, 764 F.3d 653, 658 n.1 (6th Cir. 2014) (citing 28 U.S.C. § 2244(b)(2)). Courts regularly apply the same meaning of "second and

Title 28 U.S.C. § 2255(h) states that all "second or successive motion[s] [to vacate sentence] must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals." "[W]hen a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Court of Appeals], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In Defendant's motion, he alleges that the government committed a *Brady* violation by failing to produce an FBI report during discovery and at his trial in 2012. (ECF No. 203, PageID.2297.) The events giving rise to the claim occurred prior to the filing of his original § 2255 motion in October 2015, and the instant motion is a successive motion to vacate his sentence. *In re Wogenstahl*, 902 F.3d at 627-28. Defendant does not state that he received certification to file a successive § 2255 motion from the Sixth Circuit. Thus, the court must transfer Defendant's motion to the court of appeals. *In re Sims*, 111 F.3d at 47. Accordingly,

IT IS ORDERED that Defendant's "Motion to Vacate Sentence Under 28 U.S.C. § 2255" (ECF No. 203) is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

                                          s/Robert H. Cleland        /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: July 12, 2021

---

successive" to § 2255 motions and § 2254 habeas petitions. *See Lang v. United States*, 474 F.3d 348, 351 n.3 (6th Cir. 2007) ("[W]e consider cases construing the term 'second or successive' in § 2254 highly relevant to [§ 2255 analyses]."); *In re Stansell*, 828 F.3d 412, 419-20 (6th Cir. 2016) (citing § 2255 and § 2254 precedents in tandem).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\11-20706.SHERER.MotiontoVacateSentence.RMK.docx